Gomez v Thomas (2025 NY Slip Op 05629)

Gomez v Thomas

2025 NY Slip Op 05629

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ. 

Index No. 29048/19|Appeal No. 4924|Case No. 2024-06871|

[*1]Rachel Gomez, Plaintiff-Appellant,
v
Dr. Noble Thomas, DC, Defendant-Respondent.

Manuel D. Gomez, New York, for appellant.
Recht Kornfeld PC, New York (Rachel E. Banks of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about October 2, 2024, which, to the extent appealed from as limited by the briefs, granted so much of defendant's motion for an order directing plaintiff to pay the reasonable attorneys' fees of defendant's attorney for a deposition that was cancelled because of plaintiff's counsel's refusal to allow for the remaining three hours and forty minutes allowed by 22 NYCRR 202.20-b, unanimously affirmed, with costs.
The motion court providently exercised its discretion in awarding defendant attorneys' fees for appearing at a deposition of plaintiff that ultimately did not proceed (22 NYCRR 130—1.1). Plaintiff's counsel's disagreement on 22 NYCRR 202.20-b, which sets a seven-hour limit on depositions, was the parties' reason for refusing to go forward with the scheduled deposition. Plaintiff argues that 22 NYCRR 202.20-b does not exclude time spent on breaks, including time taken for consultation between client and counsel, or technical issues. We disagree. 22 NYCRR 202.20-b is a judicial rule created by the Chief Administrative Judge of the Courts in consultation with the Administrative Board of Courts. As the motion court recognized, excluding breaks from the seven-hour limit would incentivize unprofessional behavior that rules like 22 NYCRR 202.20-b are meant to prevent. Under plaintiff's reading, any party could thwart depositions by, for example taking repeated breaks or conversely, taking no breaks at all. A practical and reasonable reading of 22 NYCRR 202.20-b is to exclude breaks from its seven-hour limitation. Thus, counsel's refusal to proceed with the deposition was frivolous. As such, the motion court's assessment of sanctions as reimbursement for defendant's cost at appearing at the deposition was appropriate and well within the wide latitude afforded to the court (see Arts4all, Ltd. v Hancock, 54 AD3d 286, 286 [1st Dept 2008], affd 12 NY3d 846 [2009], cert denied 559 US 905 [2010]); Grozea v Lagoutova, 67 AD3d 611 [1st Dept 2009])
To the extent plaintiff may be appealing that portion of the order requiring her to appear for the rescheduled second deposition for up to seven hours, the request is moot since that second deposition already occurred (see Matter of Weeks Woodlands Assn., Inc. v Dormitory Auth. of the State of N.Y., 95 AD3d 747 [1st Dept 2012], affd 20 NY3d 919 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025